# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

Employment Discrimination Division

| | |
|---|---|
| Charles B. Greene, II | Case No. 17-5268 (MAS-LHG) |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☐ Yes ☒ No |
| -v- | |
| NJ Superior Court | RECEIVED<br>JUL 19 2017<br>AT 8:30<br>WILLIAM T. WALSH<br>CLERK |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Charles B. Greene, II |
   | Street Address | 106 Country Lane |
   | City and County | Sicklerville |
   | State and Zip Code | NJ 08081 |
   | Telephone Number | 856-723-3749 |
   | E-mail Address | cgreene644@gmail.com |

## B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | NJ Superior Court |
| Job or Title *(if known)* | Mercer County Drug Court |
| Street Address | 400 S. Warren Street |
| City and County | Trenton, Mercer County |
| State and Zip Code | NJ 08650 |
| Telephone Number | 609-571-4100 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Gerald C. Council |
| Job or Title *(if known)* | Former Presiding Criminal Judge/Mercer County Superior Court |
| Street Address | 400 S. Warren Street |
| City and County | Trenton |
| State and Zip Code | NJ, 08650 |
| Telephone Number | 609-571-4100 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Janet Vanfossen |
| Job or Title *(if known)* | Crinimal Division manager |
| Street Address | 400 S. Warren Street |
| City and County | Trenton |
| State and Zip Code | NJ 08650 |
| Telephone Number | 609-571-4100 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Mercer County Drug Court |
| Street Address | 400 S. Warren Street |
| City and County | Trenton, Mercer County |
| State and Zip Code | NJ 08650 |
| Telephone Number | 609-571-4100 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☒ Relevant state law *(specify, if known)*:
Civil Service Commission. Division of Equal Employment Opportunity / Affirmative Action

☒ Relevant city or county law *(specify, if known)*:
Judiciary of the State of New Jersey/Equal Employment Opportunity / Affirmative Action and Anti-Discrimination Master Plan June 30, 2014

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☒ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☒ Other acts *(specify)*: Hostile Environment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
August 2015

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☒ gender/sex — Female hired over me with significantly less drug court experience; minority men are underrepresented in the entire Judiciary
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)* 66 (1951)  *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

    E.    The facts of my case are as follows. Attach additional pages if needed.

        See attached documentation

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

        5/3/2016

    B.    The Equal Employment Opportunity Commission *(check one)*:

        ☐ has not issued a Notice of Right to Sue letter.

        ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 5/3/2017.

        *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        ☒ 60 days or more have elapsed.

        ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am requesting that the court order relief in the form of lost wages that would otherwise have been earned as Drug Court Coordinator. Such lost wages should reflect the average of all salaries earned by Drug Court Coordinators throughout the State of New Jersey.

Furthermore, the court is requested that additional relief in the amount of $200,000 be awarded to compensate for the discriminatory action against me, in addition to the verbal and emotional harm and hostile environment this plaintiff endured, which created serious health issues for the plaintiff, as evidenced by two episodes physical health crises experienced by the plaintiff.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/30/2017

Signature of Plaintiff: *Charles B. Greene*
Printed Name of Plaintiff: Charles B. Greene, II

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

A Statement by Charles B. Greene, II.

In June of 2013, I was recruited by Judge Gerald C. Council to apply for a position as a Substance Abuse Evaluator for the Mercer County Drug Court program. After careful consideration, I applied for the position at Judge Council's urging. I was invited to interview for the position and went through the interview process. I was interviewed by Janet Vanfossen, Assistant Manager for the Criminal Division, Zena Lallo, Drug Court Team Leader and Arlene Johnson, Probation Supervisor. I passed the initial interview and was invited back for a second interview with Judge Council, Presiding Judge for the Criminal Division and Drug Court and Alfred Federico, Manager for the Criminal Division. Judge Council offered the position to me and I accepted the position in March 2013.

I worked as Substance Abuse Evaluator for the Mercer County Drug Court program from March 2013 until October 2013 and earned exemplary evaluations by Jayne Cavanaugh, Statewide Coordinator for Substance Abuse Evaluators in the Drug Court program for the State of New Jersey. Judge Council and Janet Vanfossen, my supervisor in the Criminal Division of the Superior Court for Mercer County, also acknowledged my professionalism, expertise and clinical knowledge openly in the presence of the drug court team.

In October 2013, I was approached by Janet Vanfossen and asked if I was interested in working as the interim Mercer County Drug Court Coordinator, a position which had been vacant for some time. I was told that it would only be an interim position but that I would have an opportunity to apply for the full time position if it became open. (The position was vacant because of pending litigation involving Judge Council and the previous Drug Court Coordinator, who complained about harassment and unethical conduct directed toward her.) I accepted the offer and moved into the interim position while simultaneously holding my position as Substance

Abuse Evaluator. My pay was adjusted to reflect added compensation for the added responsibilities.

As the interim Drug Court Coordinator for Mercer County, I performed all the functions of the position as other Drug Court Coordinators in the state, such as: attended all statewide Drug Court Coordinator meetings, completed monthly reports, proceeded to setup community mapping to identify resources (housing, employment and health care) to serve the drug court participants in Mercer County as other Drug Court Coordinators had done in other counties throughout the state. In August 2014, I was directed to by Judge Council to schedule a meeting with Bob Prunetti, President of the MidState Chamber of Commerce. The goal was to implement an "Employment Solutions Project" masterminded by Judge Council. I scheduled the meeting and Judge Council and I met with Mr. Prunetti and we discussed the project and its goals. Shortly after that meeting with Judge Council and Mr. Bob Prunetti, I attended another meeting with members of nonprofit groups in Mercer County that were connected to the MidState Chamber of Commerce. I presented the "Employment Solutions Project" to the nonprofit group. Mr. Bob Prunetti was in attendance and approached me at the end of that meeting. He was impressed with my presentation and directed his Administrative Assistant Ms. Nicoletti to arrange for me to make a formal presentation of the "Employment Solutions Project" to the entire MidState Chamber of Commerce, the primary agency through which Judge Council desired to implement the project. Also during that month, I set up a number of workshops where members from the community were invited to the Mercer County Drug Court program to present housing (CEAS Program), health care (Dept. of Health) and employment services (One Stop) for Mercer County Drug Court participants.

In the meantime, during a drug court session also in August 2014, Judge Council asked me what clinical intervention I would recommend for a female participant who had relapsed. Judge Council stated that he intended to sanction the participant. I suggested keeping the person in the program and increasing her treatment. Judge Council immediately called for a private meeting with the drug court team in the jury room. He asked me was my recommendation made as the Substance Abuse Evaluator or as the Coordinator. I did not understand why he asked the question but simply stated that I offered my clinical recommendation as the Substance Abuse Evaluator. Judge Council sanctioned the participant who relapsed. Looking back, it appeared that the relationship I enjoyed with Judge Council deteriorated from that point forward. Unlike other Substance Abuse Evaluators in drug court programs throughout the State of New Jersey, Judge Council continued to question my clinical recommendations, continued to make embarrassing comments about my evaluations, which were based on ASAM-3 criteria, and clinical recommendations in open court, such as stating: "just slow down. You're always making a quantum leap." In fact, Judge Council often referred to my clinical interventions and evaluations as "making a quantum leap" in court and in team meetings. Judge Council's comments had a hostile and embarrassing tone to them and created a hostile work environment for me. He did not behave in this manner toward any other drug court team member. I was reluctant to offer my clinical feedback in team meetings and during my supervision meetings with my immediate supervisor, Janet Vanfossen, I reported Judge Council's conduct toward me. Ms. Vanfossen told me that "that was just the way he is."

The hostile, embarrassing comments persisted, in team meetings and in open court. I felt intimidated and defenseless. No other team member was subjected to the criticism, embarrassment or hostility that I was subjected to. I became anxious and hesitant to speak up in

team meetings and felt increasingly uncomfortable in his presence. Going to work was an unpleasant and extremely stressful experience on days when I would have to deal with Judge Council. Judge Council then ordered that I stop working on the "Employment Solutions Project." He gave no explanation. Unlike Drug Court Coordinators throughout the State of New Jersey who enjoyed the autonomy to develop programs and resources for their respective drug court programs, Judge Council's behavior served to interfere with and hinder the performance of duties and activities of my position as Drug Court Coordinator through his behavior. I discussed his decision with my supervisor, Janet Vanfossen who offered no explanation for his decision.

I complained to my primary care physician that I was feeling very stressed at work and that Judge Council's behavior toward me was having an adverse effect on my physical and mental health. On August 21, 2014, I experienced a medical emergency and was placed on medical disability by both my primary care physician and cardiologist. I returned to work in December 2014.

In December 2014, Judge Council added unfair comments to my evaluation, alleging that I lacked understanding of criminal case management and the court system and that I was slow in mastering and understanding of the court processes. Judge Council's comments appeared to be punitive and perceived as retaliatory for my missing work. The fact is that, without any formal or extended training, my understanding and mastering of criminal case management and the court system was increasing; I understood criminal case management and had become quite proficient using the court's data system (Promis/Gavel) in the course of completing reports, processing transfers for drug court participants who requested transfers from Mercer County to other counties and to access information about participants, tracking court dates, charges and the outcome of criminal proceedings and much more. Furthermore, I had become proficient in using

the system, to access critical information about drug court applicants as part of my work as Substance Abuse Evaluator when I was assigned to complete evaluations for offenders in custody at the Mercer County Correction Center. When I communicated with other Drug Court Coordinator's, I learned that no other Drug Court Coordinator in the Drug Court program in the State of New Jersey was evaluated by the Judge nor were any subjected to the biased, unfair comments and hostile treatment that I was subjected to under Judge Council.

In January 2015, I felt overwhelmed and extremely anxious at work once again. I experienced another serious medical emergency and was hospitalized. However, being concerned about missing time at work, and recalling the attitude and behavior directed toward me by Judge Council, I returned to work within a week. It was a serious mistake. The hostility and embarrassment continued. It was very difficult to function under the stress placed on me by Judge Council's behavior.

By January 2015, my training as a Substance Abuse Evaluator had been abbreviated because of my responsibilities and the demands of the interim Drug Court Coordinator position, which hindered and even postponed my professional development as Substance Abuse Evaluator. My evaluation by the Statewide Drug Court Coordinator was less than positive. However, after a brief refresher training that ended in March 2015, my performance had improved to where my performance as a Substance Abuse Evaluator met the standards established by the Statewide Drug Court program.

My relationship with Judge Council continued to deteriorate. He stopped accepting telephone calls from me. When I did get to meet with him along with Probation Supervisor Arlene Johnson, to speak with him regarding the development of a program for drug court participants, such as initiating a "Criminal Thinking" curriculum, Judge Council openly

criticized the proposal to develop a "Criminal Thinking" curriculum calling it "inappropriate" and of little merit. I did not get the same support for program development under Judge Council as the other Drug Court Coordinators statewide.

Probation Supervisor, Arlene Johnson, brought it to the Judge's attention that a grant was available through the Substance Abuse and Mental Health Administration (SAMSHA). Judge Council ordered me to work with an outside grant writer in order to submit a proposal for funding for the Mercer County Drug Court program. I began to work with the grant writer as directed by Judge Council. At the same time, I was assigned to plan, organize and implement the drug court graduation scheduled for May 2015. However, Judge Council ordered that Arlene Johnson be the lead person to organize the graduation instead of me. This was a major departure from what is one of the major functions of the Drug Court Coordinator position. In all other drug court programs throughout the State of New Jersey, the Drug Court Coordinator is given full charge to plan, organize and oversee graduations. Judge Council deprived me from taking the lead in executing the graduation. In fact, Criminal Division Manager, Alfred Federico called Arlene Johnson and myself to his office and asked who was in charge of the graduation. Apparently Judge Council complained about my role in planning the graduation and ordered that Arlene Johnson take the lead. Mr. Federico understood that what Judge Council was directing was not fair to me. In fact, Mr. Federico told me privately that, "You're a good guy. You'll come out on top after all is said and done." In any event, Ms. Johnson and I were duplicating each other's work and mistakes were made. However, Judge Council shifted the blame solely to me. It should be noted that during this time, not only was I also working as the interim Drug Court Coordinator and in the capacity as Substance Abuse Evaluator for the Mercer County Drug Court program, but I was also supervising consultants who were assisting with completing evaluations

for the drug court program. There was a shortage of evaluators in the Mercer County Drug Court program. My Team Leader and day-to-day supervisor, Ivonne Garcia, worked closely with me in assigning evaluation responsibilities to these consultants. I received very favorable evaluations from Ms. Garcia during this period.

During a weekly supervision session, Ms. Vanfossen instructed me to stop working on the grant writing activity and to focus on the graduation and the evaluations. She told me she would inform Judge Council of her decision. It was my perception that Judge Council became more hostile toward me after that decision was made. When I offered my professional recommendation or observations in team meetings, Judge Council cut me off constantly and talked over me to the point of rudeness. My peers looked at me in surprise and I was surprised and offended myself.

In June 2015, the litigation involving Judge Council and the previous Drug Court Coordinator was resolved and the position was opened for hire. I applied for the position and was invited to interview for the position. I met with Janet Vanfossen, Ivonne Garcia and Arlene Johnson. I interviewed successfully and was moved to the second interview. I met with Judge Council, Alfred Federico and Robert McDonald, Probation Manager. During the interview, Judge Council asked nearly all of the questions. He asked me about my health and my ability to drive. The position was offered to a female with no prior drug court experience, nor with any knowledge of the assessment process, substance abuse evaluation tools and treatment programs. She had no community mapping experience that would directly enhance substance abuse and mental health treatment services for drug court participants. In fact, the newly hired Drug Court Coordinator sought my expertise on a number of occasions to help her with problems or to

explain certain protocols, or how to use the court's data entry system. Still, Judge Council continued with his behaviors and attitude toward me.

Finally, when I attended a statewide training for members of all the state's drug court teams in September 2015, I was encouraged to file a complaint against Judge Council by the newly hired Drug Court Coordinator. Additionally, various members of the Mercer County Superior Court staff, Case Managers, Probation Officers and others also encouraged me to file a complaint against Judge Council. I did not file a complaint because I did not believe anyone would confront the Judge based on my experiences to date. Given Judge Council's reputation for bullying and berating others and his treatment toward me, I had no confidence in the process. I also was concerned about increased, more hostile retaliation.

In September 2015, the pending complaint against Judge Council was eventually resolved and in a 56-page presentation to the State Supreme Court from the Advisory Committee on Judicial Conduct Judge Council was found to have violated the code of judicial conduct and was sanctioned. His transfer to Middlesex County made it possible for me to come to work, feel comfortable about my position and continue to excel at my position. After learning about the case of other drug court team members harmed by Judge Council's past conduct, I felt vindicated and decided to reconsider my options. It took a while before I finally made up my mind to file a complaint against Judge Council and did so in 2016.